**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ERNESTO MARTINEZ and BERTHA
RODRIGUEZ DE AVILES,

                Plaintiffs,

     -against-

SEACLIFF CAR WASH AUTOCENTER,
INC., NEIL FINKELSTEIN, and
FLORENCE FINKELSTEIN,

                Defendants.
-------------------------------------------------------X

**Civ. Action No.**

**COMPLAINT**

Plaintiffs, ERNESTO MARTINEZ ("Martinez") and BERTHA RODRIGUEZ DE AVILES

("Rodriguez De Aviles") (collectively "Plaintiffs"), as and for their Complaint against Defendants,

SEACLIFF CAR WASH AUTOCENTER, INC. ("Seacliff Car Wash"), NEIL FINKELSTEIN

("Neil Finkelstein"), and FLORENCE FINKELSTEIN ("Florence Finkelstein") (collectively,

"Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     Defendants own and operate a car wash known located in Sea Cliff, New York.

2.     Plaintiffs worked for Defendants as car wash attendants.

3.     Plaintiffs bring this lawsuit seeking to recover unpaid overtime wages and other

relief related to their employment with Defendants.

## JURISDICTION AND VENUE

4.     Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL"), and their respective

attendant regulations.

5.     Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA,

1

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Martinez is an adult male currently residing in the State of New York.

9. Rodriguez De Aviles is an adult female currently residing in the State of New York.

10. Neil Finkelstein is an adult male currently residing in the State of New York.

11. Florence Finkelstein is an adult female currently residing in the State of New York.

12. Seacliff Car Wash is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

**Defendant Seacliff Car Wash Autocenter, Inc.**

13. Seacliff Car Wash maintains a principal place of business located at 311B Glen Cove Ave, Sea Cliff, New York 11579.

14. At all times relevant to this Complaint, Seacliff Car Wash had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiffs.

15. At all times relevant to this Complaint, Seacliff Car Wash had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiffs.

2

16.     At all times relevant to this Complaint, Seacliff Car Wash had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

17.     During Plaintiffs' employment, Seacliff Car Wash maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices.

18.     At all times relevant to this Complaint, Seacliff Car Wash was and is a covered employer within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiffs.

**Defendants Neil  Finkelstein and Florence Finkelstein (collectively, "Individual Defendants")**

19.     At all relevant times, Individual Defendants were and continue to be shareholders, owners, officers, directors, and/or managing agents of Seacliff Car Wash.

20.     At all relevant times, Individual Defendants participated in running the daily operations of Seacliff Car Wash.

21.     At all relevant times, Individual Defendants participated in the management and supervision of Plaintiffs and their work for Seacliff Car Wash.

22.     At all relevant times, Individual Defendants exercised operational control over Seacliff Car Wash, controlled significant business functions of Seacliff Car Wash, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Seacliff Car Wash in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

23.     Individual Defendants determined the wages and compensation of Seacliff Car Wash's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

24.     Individual Defendants participated in the decision to hire Plaintiffs.

25.    Individual Defendants participated in the decision to fire Plaintiffs.

26.    Individual Defendants participated in deciding Plaintiffs' job duties and responsibilities.

27.    Individual Defendants participated in supervising Plaintiffs' job duties and responsibilities.

28.    Individual Defendants participated in deciding the manner in which Plaintiffs were paid.

29.    Individual Defendants participated in deciding the hourly rate Plaintiffs were paid.

30.    Individual Defendants participated in deciding the compensation Plaintiffs were paid.

31.    Individual Defendants participated in deciding the schedule Plaintiffs worked.

32.    Individual Defendants participated in deciding the total number of hours Plaintiffs worked each week.

33.    Individual Defendants was responsible for ensuring Plaintiffs were paid properly.

34.    At all relevant times, Individual Defendants were employers within the meaning of the FLSA and the NYLL and employed Plaintiffs.

**Defendants Constitute Joint Employers**

35.    Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.    Defendants possessed substantial control over Plaintiffs' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiffs.

37.    Defendants dictated, controlled, and ratified the wage and hour and all related

employee compensation policies during Plaintiffs' employment.

38. Defendants jointly employed Plaintiffs and are Plaintiffs' joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Ernesto Martinez**

39. At all relevant times, Martinez was an employee of Defendants as defined by the FLSA and the NYLL.

40. Defendants employed Martinez from on or about January 30, 2024 through on or about October 2, 2024.

41. Martinez's job duties included washing cars.

42. From on or about January 30, 2024 through on or about the end of June 2024, Martinez worked seven (7) days a week.

43. On Mondays through Saturdays, Martinez's shift began each day at 8:00 a.m. and ended at approximately 6:00 p.m.

44. On Sundays, Martinez's shift began at 8:00 a.m. and ended at approximately 5:30 p.m.

45. Martinez was not given uninterrupted breaks during his shifts.

46. Thus, from on or about January 30, 2024 through on or about the end of June 2024, Martinez worked approximately sixty-nine and one-half (69.5) hours each week.

47. From on or about the beginning of July 2024 through the end of his employment, Martinez only worked on Sundays from 8:00 a.m. and ended at approximately 5:30 p.m., without uninterrupted breaks during his shifts .

48. Throughout Martinez's employment, Defendants paid him $10.00 per hour.

49. Throughout Martinez's employment, Defendants paid him "straight-time" only for

5

all hours worked.

50.     Throughout Martinez's employment, Defendants never paid Martinez an overtime premium for any of the hours he worked in excess of forty (40) per week.

51.     Throughout Martinez's employment, Defendants never paid Martinez at the statutory minimum wage rate.

52.     Defendants did not provide Martinez with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

53.     Defendants did not provide Martinez with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

54.     Because Defendants did not provide Martinez with complete and accurate wage notices and paystubs, Martinez was kept in the dark about how much he should have been paid.

55.     Had Defendants provided such wage notices and statements, Martinez would have been more likely to know that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week and he could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

56.     However, because Defendants did not provide Martinez with complete and accurate wage notices and paystubs, Martinez could not rectify the situation, which resulted in his continued underpayment of wages.

57.     As a result of Defendants' failure to provide the required wage notices and statements, Martinez has incurred tangible, downstream harm.

58.     Defendants were aware of Martinez's work hours but failed to pay him the proper wage to which he was entitled under the law.

59.     Upon information and belief, Defendants were aware of the federal and state wage

6

and hour laws.

60. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

61. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Martinez's rights.

62. Martinez has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**Plaintiff Bertha Rodriguez De Aviles**

63. At all relevant times, Rodriguez De Aviles was an employee of Defendants as defined by the FLSA and the NYLL.

64. Defendants employed Rodriguez De Aviles from on or about May 15, 2024 through on or about October 2, 2024.

65. Rodriguez De Aviles' job duties included washing cars.

66. Throughout Rodriguez De Aviles' employment, she worked seven (7) days a week.

67. On Mondays through Saturdays, Rodriguez De Aviles' shift began each day at 8:00 a.m. and ended at approximately 6:00 p.m.

68. On Sundays, Rodriguez De Aviles' shift began at 8:00 a.m. and ended at approximately 5:30 p.m.

69. Rodriguez De Aviles was not given uninterrupted breaks during her shifts.

70. Thus, throughout her employment, Rodriguez De Aviles worked approximately sixty-nine and one-half (69.5) hours each week.

71. Throughout Rodriguez De Aviles' employment, Defendants paid her $10.00 per

hour.

72. Throughout Rodriguez De Aviles' employment, Defendants paid her "straight-time" only for all hours worked.

73. Throughout Rodriguez De Aviles' employment, Defendants never paid Rodriguez De Aviles an overtime premium for any of the hours she worked in excess of forty (40) per week.

74. Throughout Rodriguez De Aviles' employment, Defendants never paid Rodriguez De Aviles at the statutory minimum wage rate.

75. Defendants did not provide Rodriguez De Aviles with a complete and accurate wage notice when she was hired, or at any time thereafter, as required by NYLL § 195(1).

76. Defendants did not provide Rodriguez De Aviles with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

77. Because Defendants did not provide Rodriguez De Aviles with complete and accurate wage notices and paystubs, Rodriguez De Aviles was kept in the dark about how much she should have been paid.

78. Had Defendants provided such wage notices and statements, Rodriguez De Aviles would have been more likely to know that she was entitled to overtime compensation for the hours she worked in excess of forty (40) each week and she could have advocated for herself and brought this lawsuit earlier to enforce her rights under state and federal law.

79. However, because Defendants did not provide Rodriguez De Aviles with complete and accurate wage notices and paystubs, Rodriguez De Aviles could not rectify the situation, which resulted in her continued underpayment of wages.

80. As a result of Defendants' failure to provide the required wage notices and statements, Rodriguez De Aviles has incurred tangible, downstream harm.

81. Defendants were aware of Rodriguez De Aviles' work hours but failed to pay her the proper wage to which she was entitled under the law.

82. Upon information and belief, Defendants were aware of the federal and state wage and hour laws.

83. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

84. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Rodriguez De Aviles' rights.

85. Rodriguez De Aviles has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET. SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

86. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

87. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

88. Defendants are subject to the overtime pay requirements of the FLSA because Seacliff Car Wash is an enterprise engaged in commerce or in the production of goods for commerce.

89. At all times relevant to this Complaint, Seacliff Car Wash had two (2) or more

employees handling goods or materials that have moved in interstate commerce, including Plaintiffs.

90.    Upon information and belief, the gross annual volume of sales made or business done by Seacliff Car Wash in each applicable year was not less than $500,000.00.

91.    At all times relevant to this action, Plaintiffs have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

92.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

93.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

94.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

95.    However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during her employment.

96.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

97.    Defendants did not act in good faith with respect to the conduct alleged herein.

98.    As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY OVERTIME

99.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

100.    At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

101.    Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

102.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL.

103.    Plaintiffs are not exempt from the overtime provisions of the NYLL because they did not meet the requirements for any of the exemptions available under New York law.

104.    Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

105.    Defendants have not acted in good faith with respect to the conduct alleged herein.

106.    As a result of Defendants' violations of the NYLL, Plaintiffs have incurred and continue to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

107.    Plaintiffs reassert and reallege the allegations set forth in each of the above

11

paragraphs as though fully set forth herein.

108.    By the conduct alleged herein, Defendants have willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

109.    Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

110.    As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

111.    As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

112.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

113.    Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

12

114.     Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

115.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THET NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

116.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117.     Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

118.     Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

119.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs for a sum

13

that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and

duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

1.  Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

2.  Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime and minimum wages;

3.  Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with complete and accurate written wage notices and statements;

B.  Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.  Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.  Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E.  Award interest on all unpaid wages due accruing from the date such amounts were due;

F.  Award all costs and attorneys' fees incurred in prosecuting this action;

G.  Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
    January 30, 2025

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

14